IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 2, 2005

**DICKEY L. COTTON v. DAVID MILLS, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5904      Joseph H. Walker, III, Judge**

**No. W2004-02523-CCA-R3-HC  - Filed September 19, 2005**

The petitioner, Dickey L. Cotton, appeals the circuit court's summary dismissal of his Pro se petition
for writ of habeas corpus.  Following our review, we reverse the circuit court's dismissal of the
habeas corpus petition and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and**
**Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. DAVID
H. WELLES, J. filed an opinion dissenting in part.

Dickey Cotton, Pro se, West Tennessee Security Prison, Henning, Tennessee.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General;
and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the record is sparse, it reflects that on June 25, 2001, the petitioner pled guilty to
two counts of rape pursuant to a plea agreement.  He was sentenced as a Range I, standard offender
and received concurrent sentences of eight years for both offenses.[1]  On September 16, 2004, the
petitioner filed a pro se petition for writ of habeas corpus.  In the petition, the petitioner alleged that
the sentences he received pursuant to the negotiated plea agreement were illegal and void because
they contravened Tennessee Code Annotated section 39-13-523.  The petitioner also alleged that the

---

[1] Although the judgments of conviction do not specifically designate the petitioner's status as a Range I
offender, the negotiated plea agreement specifically designates the petitioner's status as Range I offender.  In all other
respects, the judgments of conviction corroborate the negotiated plea agreement.  Also, the judgments indicate that the
petitioner's rape convictions were to be served consecutively to conviction No. 00-10258.  The petitioner's brief states
that this conviction is for failure to appear.

Tennessee Department of Correction (TDOC), upon receiving his judgment orders, lacked the authority to alter his status from a Range I, standard offender to a multiple rapist. As the petitioner awkwardly explained in his petition, when TDOC changed his status from Range I, standard offender to multiple rapist, he stopped receiving sentencing credits and was informed that he would have to serve 100% of his sentence as a multiple rapist.[2] Upon learning of his change of status, he petitioned TDOC to reinstate his status as a Range I, standard offender and restore his sentencing credits. TDOC denied the petitioner's request, finding that the petitioner was correctly classified as a multiple rapist because he had two rape convictions.

In a written order dated September 20, 2004, the circuit court denied relief, stating:

Petitioner pled guilty to rape in June 2001 in 99-01989 with an 8 year sentence concurrent to 99-01988 and consecutive to 00-10258.

Petitioner alleges his sentence is outside the status requirements. Rape is a B felony and an 8 year sentence is within the range of punishment. In fact it is the minimum sentence.

He complains about being classified by TOMIS as a multiple rapist. He was informed by letter attached to his petition that multiple rapist means a person convicted to 2 or more times of violating the rape statute. Petitioner pled guilty to two offenses of rape.

He alleges he is not receiving proper sentence credits. This is not a proper ground for habeas corpus. . . .

. . . .

The court finds that petitioner's sentence has not expired and the court had jurisdiction to sentence the defendant to such sentence. Habeas corpus relief is not appropriate.

Procedural due process violations and other alleged violations of constitutional rights are addressed in post conviction, not habeas corpus proceedings. Luttrell v. State, 644 S.W.2d 408.

If the petition is treated as one for post-conviction relief, this court has no jurisdiction. T.C.A. 40-30-204 and 202. . . .

---

[2] As a Range I, standard offender, an individual may be eligible for release after service of 30% of the sentence.

In the instant appeal, the petitioner challenges the circuit court's summary dismissal of his petition, restating the following allegations: (1) petitioner's sentences are illegal and void because they contravene Tennessee Code Annotated section 39-13-523,[3] and (2) TDOC lacked the authority to alter his status from a Range I, standard offender to a multiple rapist.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

As we undertake a review of the petitioner's appeal, we note that there appears to exist somewhat divergent treatment of habeas corpus petitions when offender classification and release eligibility anomalies form the basis of a petitioner's request for relief. To reiterate the established rule, only those sentences imposed by a trial court in *direct* contravention of a statute are void and illegal and subject to being set aside at any time by the trial court. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In contrast, the Department of Correction may not alter the judgment of a court, even if that judgment is illegal. Id.

Notably, our supreme court has recognized that offender classifications and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989. See Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); see also State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). In Hicks, the petitioner pled guilty to voluntary manslaughter, a Class C felony, and agreed upon a Range II sentence of ten years coupled with a Range I release eligibility of 30%. Id. at 706. Our supreme court held that such a "hybrid" sentence was valid when imposed as a result of a knowing, voluntary plea bargain agreement. Id. at 709. Our supreme court reiterated that "a knowing and voluntary guilty plea waives any irregularity as to

---

[3] Tennessee Code Annotated section 39-13-523 (a)(2) states in relevant part: Multiple rapist is defined as a person convicted two (2) or more times of violating the provisions of § 39-13-502 (aggravated rape) or § 39-13-503 (rape). "Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn." Tenn. Code Annotated section 39-13-523(b).

offender classification and release eligibility." Id. Previous decisions by this Court have recognized the legitimacy of hybrid sentencing when examining sentences entered pursuant to plea negotiations but in excess of the relevant statutory range. See, e.g., Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002) (holding that the petitioner's fifteen-year, aggravated robbery sentence was non-jurisdictional despite the fact that it fell outside the maximum sentence of twelve years for a Range I offender); State v. Melvin Waters, No. M2002-01297-CCA-RM-CD, 2003 WL 141087 (Tenn. Crim. App., at Nashville, Jan. 16, 2003), *perm. app. denied* (Tenn. May 12, 2003) (holding that the petitioner's twelve-year sentence for facilitation of aggravated robbery was based on a plea agreement and therefore was non-jurisdictional despite the fact that it fell outside the maximum sentence of ten years for Range II offender).

However, in McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), our supreme court held that sentencing length was a jurisdictional issue. Id. at 798. In McConnell, the petitioner pled guilty and was sentenced beyond the statutory provisions of the 1989 Act when as part of his total sentence he received two consecutive thirty-five-year sentences as Range I, standard offender for his second degree murder and robbery by use of a deadly weapon convictions. Id. at 796. Our supreme court stated that pursuant to the 1989 Act, the maximum sentence the defendant could receive for his second degree murder and robbery by use of a deadly weapon convictions was twenty-five years and twelve years respectively. Id. Although the supreme court emphasized that offender classification and release eligibility were non-jurisdictional, the court held that sentencing with regard to length was jurisdictional and thus illegal if not executed by the trial court in compliance with the 1989 Act. Id. at 798. The supreme court stated that "[t]he 1989 Act establishes the outer limits [of sentencing], and the courts are bound to respect those limits." Id. at 799.

Again, in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), our supreme court emphasized that an illegal, jurisdictionally defective sentence is one that is in direct contravention of an express statutory provision. Id. at 92-93. In McLaney, the petitioner received concurrent sentences as part of his plea agreement. Id. at 92. Years later, the petitioner filed a habeas petition alleging that his concurrent sentences were illegal and void because he was on bail for one felony when he committed two others, and such circumstances, according to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), mandated consecutive sentencing. Id. The supreme court held that if the petitioner's allegations were true, then his concurrent sentences would be in direct contravention of the law, and habeas corpus relief would be mandated. Id. at 95.

Based upon the precepts of McConnell and McLaney, this Court has previously determined that, under certain circumstances, sentences providing for a specific offender classification or release eligibility directly contravene statutory authority and thus are subject to habeas corpus attack. For example, in William Boyd v. State, No. E1999-02179-CCA-R3-PC, 2000 WL 1661526 (Tenn. Crim. App., Knoxville, Nov. 6, 2000), this Court held that the petitioner's sentence requiring 100% release eligibility for his especially aggravated sexual exploitation of a minor conviction fell beyond the outer limits of the statutory release eligibility requirements for any given offender classification. Id. at *5-6. This Court determined that because the 1989 Act limited the release-eligibility percentage to a maximum of 60% for petitioner's conviction regardless of classification, the sentence was illegal

and subject to habeas corpus attack.  Id.; see also Dewayne Cathey v. State, No. W2003-00411-CCA-R3-CO, 2004 WL 1686869 (Tenn. Crim. App., at Jackson, July 28, 2004) (holding that the petitioner's first-degree murder sentence allowing 30% parole eligibility fell outside the "ordinary offender-Range/offense-class matrix" and was therefore illegal).  In Mitchell Tarver v. State, No. W2002-01662-CCA-R3-CO, 2003 WL 22446774 (Tenn. Crim. App., at Jackson, Oct. 21, 2003), this Court relied on McLaney and adjudged the petitioner's child rape sentence to be illegal because he was classified as a Range I offender which provided for 30% release eligibility.  Id. at *3.  This Court determined that the petitioner's sentence providing for 30% release eligibility was in direct contravention of Tennessee Code Annotated section 39-13-523, which mandated service of a child rape sentence at 100% with no parole eligibility.  Id. at *3-4; see also William L. Smith v. Virginia Lewis, Warden, No. E2004-01800-CCA-R3-HC, 2005 WL 1269155 (Tenn. Crim. App., at Knoxville, May 27, 2005); Roy C. Smith v. James A. Bowlen, Warden, No. E2004-00833-CCA-R3-HC, 2005 WL 884993 (Tenn. Crim. App., at Knoxville, April 18, 2005).

Of significance to this case is this Court's holding in Mark L. Grimes v. Fred Rainey, Warden, No. W2002-01583-CCA-R3-CO, 2003 WL 21878530 (Tenn. Crim. App., at Jackson, Aug. 5, 2003).  In Grimes, the petitioner entered guilty pleas to three counts of rape pursuant to a plea agreement.  Id. at *1.  His original plea agreement provided that his thirty-six-year sentence be served as a Range I, standard offender with a release eligibility after service of 30%.  Id.  A few years later, the trial court modified the petitioner's sentence to reflect service of 100% as a multiple rapist.  Id.  This Court, relying on McLaney, reversed the summary denial of habeas corpus relief after determining that the petitioner's original sentence providing 30% release eligibility for multiple rapes was in direct contravention of Tennessee Code Annotated section 39-13-523, which mandates service of such sentences at 100%.  Id. at *3;. see also Andre Lamont Mayfield v. State, No. M2004-01408-CCA-R3-HC, 2005 WL 1683498 (Tenn. Crim. App., at Nashville, July 18, 2005) (stating that the petitioner's rape convictions rendered him a multiple rapist as a matter of law and neither the prosecutor nor the judge could deviate from the 100% release eligibility requirement).

Although we risk diluting the flexibility of plea agreements, it is our view that McLaney and its progeny are dispositive of this case.  Here, the petitioner's plea agreement, accepted by the trial court, indicates that he pled guilty to two counts of rape and was to serve his concurrent eight-year sentences as a Range I, standard offender.  As noted earlier, these sentences are in direct contravention of Tennessee Code Annotated section 39-13-523 because the statute mandates service of such sentences at 100%, undiminished by sentence reduction credits.  Therefore, we conclude from the foregoing authorities that the petitioner's rape sentences are illegal and void.  Because we conclude that the petitioner's sentences are void, we need not address the merits of the petitioner's second argument regarding TDOC's authority to alter his offender status.  Additionally, given the fact that the void sentences are based upon a guilty plea, we note that the habeas corpus court declares void and vacates the sentences but defers to the convicting court to address the petitioner's guilty plea, which remains.  See McLaney, 59 S.W.3d at 94-95.  Pursuant to consensus, the convicting court should impose a legal sentence based upon the original plea or withdraw the plea.  Id.  We remand the case to the Lauderdale County Circuit Court, as the habeas court, to vacate the

petitioner's rape sentences.  The habeas court should then transfer the matter to the convicting court for further proceedings in accordance with this opinion and <u>McLaney v. Bell</u>.

_____
J.C. McLIN, JUDGE